Argued and submitted September 28, reversed in part, affirmed in part
October 31, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# JERRY LEE SEARS,
*Appellant.*

## (J83-1990; CA A31134)

689 P2d 1324

Richard A. Cremer, Assistant Public Defender, Roseburg, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this criminal case, defendant was charged by indictment with one count each of the offenses of attempted rape in the first degree and sexual abuse in the first degree. The trial judge took the attempted rape charge from the jury and, instead, instructed the jury on sexual abuse in the first and second degrees. The jury found defendant guilty of two counts of sexual abuse in the second degree. Defendant appeals, assigning as error the trial court's instructing the jury on the lesser included offenses of sexual abuse in the first and second degrees under the count of attempted rape.[1] We agree that the instruction was error and therefore reverse his conviction as to that count.

The count in the indictment that charged defendant with attempted rape in the first degree alleged simply that he

"did * * * unlawfully and knowingly, by forcible compulsion, attempt to engage in sexual intercourse with [the victim], a female, contrary to the statutes in such cases made and provided * * *."

No specifics of the attempt were alleged; the indictment is in the statutory language. ORS 163.375(1) and 161.405. ORS 163.375(1) defines rape in the first degree, insofar as it is pertinent to this case, as follows:

"A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a) The female is subjected to forcible compulsion by the male * * *."

An attempt to commit the crime requires only that the defendant intentionally engage in conduct constituting a substantial step towards the commission of the crime. ORS 161.405(1).

The statutes on sexual abuse define the offenses of sexual abuse in the first and second degrees as follows:

"(1) A person commits the crime of sexual abuse in the first degree when that person

"(a) Subjects another person to sexual contact; and

---

[1] Defendant does not challenge his conviction for sexual abuse in the second degree as a lesser included offense of the original charge of sexual abuse in the first degree in Count II.

"\* \* \* \* \*

"(B) The victim is subjected to forcible compulsion by the actor \* \* \*." ORS 163.425(1)(a)(B).

"A person commits the crime of sexual abuse in the second degree if he subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact \* \* \*." ORS 163.415(1)(a).

"Sexual contact" is defined as

"any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6).

As a general rule, a party is entitled to an instruction on a lesser included offense only if (1) the definition of the lesser is included within the definition of the greater offense or (2) the specific language of the charging instrument alleges all of the material elements of the lesser charge. *State v. Washington,* 273 Or 829, 835, 543 P2d 1058 (1975). Examination of the language of the pertinent statutes establishes that neither of the sexual abuse offenses is, by virtue of the statutory language, a lesser included offense in the charge of attempted rape in the first degree. The gravamen of both sexual abuse offenses is "sexual contact." When a rape is merely attempted rather than completed, no touching is necessarily involved. For example, a would-be rapist may take substantial steps towards the completion of the rape of his victim but may be foiled because she runs away before he can touch her. Assuming appropriate proof, he could be convicted of attempted rape; he could not, however, be convicted of either degree of sexual abuse. It follows that the trial court erred in permitting the jury to consider these two offenses.

Conviction for sexual abuse in the second degree on Count I reversed; conviction of sexual abuse in the second degree on Count II affirmed.